NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLASFORD GREEN, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> : | Civil Action No. 09-359 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

*Pro se* Petitioner Clasford Green ("Petitioner"), a prisoner currently serving 78 months in prison for illegally re-entering the United States, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The respondent, the United States of America ("the Government"), filed its Answer, as ordered by the Court. The Court has reviewed and considered the submissions and, for the following reasons, denies Petitioner's motion and dismisses the petition.

**I.   BACKGROUND**

    **A.   Facts Relating to Petitioner's Criminal Conviction**

Petitioner Clasford Green, a Jamaican citizen, entered the United States in 1982 without a visa, joining his mother, a naturalized citizen. Petitioner's mother had petitioned for him to enter as an immigrant, but the petition was denied. Petitioner's 1983 application for a visitor's visa

was also denied. Between 1982 and 1991, Petitioner established a business in New Jersey, registered to vote, and filed one income tax return.

Petitioner was convicted in 1986, 1987, 1992, and 1993 of possession of marijuana with intent to distribute, an aggravated felony, as defined by 8 U.S.C. § 1101. After Petitioner's conviction, deportation proceedings were commenced by Immigration and Naturalization Services (INS) in 1990, but were stayed for Petitioner's incarceration. Petitioner's deportation proceedings recommenced in 1997. Petitioner was found not to be a citizen of the United States and was ordered deported. Petitioner retained Kenneth L. Johnathan as counsel to appeal the deportation order. On appeal on May 4, 2000, the Board of Immigration Appeals (BIA) affirmed the deportation order. Petitioner retained Gary T. Jodha as his attorney on December 11, 2000 to file an Emergent Motion to Reopen/Reconsider and a Withholding of Removal/Asylum Application on his behalf. Petitioner was subsequently removed on January 11, 2001 and, according to his deportation order, was not to return to the United States without the permission of the Attorney General. Petitioner reentered the country without permission in August 2001, and was arrested on August 24, 2004.

Petitioner was indicted for illegal reentry after deportation for an aggravated felony under 8 U.S.C. § 1326(a) and (b)(2) and was tried before a jury. Petitioner was represented by David Schafer, Assistant Federal Public Defender, throughout the trial. The jury found Petitioner guilty of illegal reentry and he was subsequently sentenced to 78 months in prison.

### B. Procedural Background

On October 7, 2005, Petitioner was sentenced to a prison term of seventy-eight months and placed under three years of supervised release, in accordance with the United States Sentencing Guidelines, on the indicted charge that he illegally re-entered the United States after being deported in violation of U.S.C §§ 1326(a) and (b)(2). Petitioner appealed his conviction, which was affirmed by the Third Circuit on October 25, 2007. See United States v. Green, No. 05-4875, 2007 U.S. App. WL 3120328 (3d Cir. Oct. 25, 2007). Petitioner filed a petition for a writ of certiorari within the 90 days provided by 28 U.S.C. § 2101(c) and Rule 13.1 of the Supreme Court Rules; review was denied by the Supreme Court. United States v. Green, S. Ct. No. 07-8930 (February 25, 2008). Accordingly, the judgment against him became final on Monday, February 25, 2008.

Petitioner filed the instant petition, collaterally attacking his conviction, on January 20, 2009. In his motion to correct, amend or vacate his sentence, Petitioner alleges that his Sixth Amendment right to effective counsel was violated when his counsel failed to 1) argue at trial that the original deportation denied him due process; 2) correct the misapplication of the Sentencing Guidelines set out by the Presentence Investigation Report; and 3) argue at sentencing that the district court should consider the applicable guidelines or policy statements pursuant to 18 U.S.C. § 3533(a).

## II. DISCUSSION

Clasford Green is a *pro se* petitioner. A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our

jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance.  Royce v. Hahn, 151 F.3d 116, 118 (3d. Cir. 1998). However, even applying this lenient standard, the Court finds that Petitioner's § 2255 petition must be denied.

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his conviction as having been imposed in violation of the Constitution.  United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989).  Petitioner's January 20, 2009 submission bases the plea for relief under § 2255 on the claim that he was denied his Sixth Amendment right to effective assistance of counsel during his sentencing for illegal re-entry.  McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970) (holding that Sixth Amendment guarantee of assistance of counsel to accused in criminal prosecution includes right to effective assistance of counsel).  According to Petitioner, the legal representation he received was constitutionally deficient in three ways:

> a. counsel failed to argue that the underlying deportation used to convict Petitioner denied him of his due process rights;
>
> b. counsel failed to correct an alleged misstatement of the Sentencing Guidelines set out by the Presentence Investigation Report;
>
> c. counsel failed to argue at sentencing that the district court should consider the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 18 U.S.C. § 3553(a).

(1/20/09 Motion at ¶ 1.)

The Court, in its discretion, may adjudicate these claims without an evidentiary hearing. Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  Third Circuit law instructs that an evidentiary hearing need not be conducted where a § 2255 motion, together with the underlying record, conclusively show that the Petitioner is not entitled to relief.  Id.; see also Solis v. United

States, 252 F.3d 289, 295 (3d Cir. 2001) (observing, in connection with an ineffective assistance of counsel claim, that "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous.")  An evidentiary hearing is not required where the § 2255 motion does not raise an issue of material fact.  Cf. United States v. Essig, 10 F.3d 968, 976 (3d Cir. 1994) (holding that when a § 2255 petition does raise an issue material fact, "the district court must hold a hearing to determine the truth of the allegations.")  This habeas petition does not present any issue of material of fact and, based on the record, Petitioner's § 2255 motion will be denied.

    A.    **Ineffective Assistance of Counsel**

The Supreme Court decision in Strickland v. Washington, 466 U.S. 668 (1984), sets forth the standard for establishing a claim that a habeas petitioner's Sixth Amendment right of effective assistance of counsel has been violated.  The Strickland Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  The Third Circuit has stressed that relief under § 2255 based on a claim of ineffective assistance of counsel requires that the petitioner satisfy both prongs of the Strickland test: a

breach of duty and prejudice as a result of that breach.  Nino, 878 F.2d at 103-04.  The petitioner bears the burden of proof to demonstrate ineffective assistance of counsel. United States v. Baynes, 622 F.2d 66, 69 (3d Cir. 1980).

To prevail on a Strickland claim, the petitioner "must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."  Carpenter v. Vaughn, 296 F.3d 138, 149 (3d Cir. 2002).  In analyzing an attorney's performance in regards to an ineffective assistance of counsel claim, the Supreme Court directs that a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 698.  In light of this deferential standard, the Third Circuit has cautioned that "it is 'only the rare claim of ineffectiveness of counsel that should succeed.'"  Buehl v. Vaughn, 166 F.3d (3d Cir. 1999) 163, 169 (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

      i.      Petitioner's Argument Regarding The Deportation Hearing

Petitioner first argues that the previous deportation hearing violated due process because the ineffectiveness of his immigration counsel precluded judicial review of the hearing. Specifically, Petitioner complains that Mr. Jodha wrongly submitted his Emergent Motion and Asylum Application to the Immigration Court when it should have been filed with the Board of Immigration Appeals. (Pet. Reply Brief Exh. 3). This mistake, he argues, foreclosed judicial review of the deportation proceedings, violating due process.

In the context of a § 2255 petition, this argument cannot succeed. The scope of a § 2255 petition allows a defendant to attack his conviction only on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; United States v. Addonizio, 442 U.S. 178 (1979). Petitioner's irrelevant argument regarding the conduct of his immigration counsel lies outside of these boundaries.

Petitioner argues that, had his immigration counsel been effective, the presiding immigration judge might not have ordered his deportation. This argument, however, fails to assert that his right to effective assistance of counsel was violated during the district court proceedings. Petitioner fails to even argue a logical connection between the conduct of his immigration counsel and the effective assistance of his counsel during the proceedings in district court.

    ii.    Petitioner's Argument Regarding the Presentence Investigation Report

It is not clear what Petitioner means when alleging that counsel was ineffective by failing to correct the misapplication of the Sentencing Guidelines set out by the Presentence Investigation Report. The Sentencing Guidelines permit an increase in a defendant's offense level by 16 levels if he previously was deported after being convicted of a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A). Documentation provided by the Government shows that Petitioner was previously convicted of, *inter alia*, possession of marijuana with intent to distribute, a drug trafficking offense, and was sentenced to 18 years in prison. (Judgment of Conviction and

Indictment: Monmouth Cty. Superior Ct.)   The Presentence Investigation Report accurately reflected this.  Petitioner has not shown that the Presentence Investigation Report contained any error in this regard.  Counsel cannot be said to have been ineffective for failing to correct an error which did not exist.

      iii.      The § 3553(a) Factors

Title 18 U.S.C. § 3553 aims to promote certainty and consistency in the severity of punishment given for a particular criminal act.  United States v. Booker, 125 S. Ct. 738, 757 (2005).  Specifically, it directs the Court to consider: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed … (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care or other corrective treatment the most effective manner.  28 U.S.C. 3553(a).  While the Sentencing Guidelines serve an advisory role to judges during sentencing, judges are required to consider sentencing ranges according to the goals and purposes of § 3553(a).  See 125 S. Ct. at 764-65.

Petitioner provides no evidence to support his claim that counsel failed to argue the relevant factors under § 3553(a).  Nor does Petitioner demonstrate how arguments regarding these factors would have influenced the outcome.  See Strickland v. Washington, 466 U.S. at 693 (holding that an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment).  Thus, Petitioner's claim of ineffective counsel fails here as well.

In support of his assertion that counsel failed to argue the relevant § 3553(a) factors, Petitioner cites two arguments that he contends might have led to a downward departure from the Sentencing Guidelines had they been raised by counsel. These arguments are without merit.

First, Petitioner argues that the nature and circumstances surrounding his illegal reentry warrant a downward departure. Specifically, Green stresses that his reentry into the United States resulted solely from fear of being terrorized by political rivals in Jamaica. Had counsel made such an argument before this Court, it would have been deemed frivolous, since it cannot justify Petitioner's return to the one specific place he was forbidden from going, the United States. Counsel cannot be said to have been ineffective in failing to make a frivolous argument.

Second, Petitioner argues that his sentence is greater than necessary to meet the sentencing goals of punishment and deterrence. Specifically, Petitioner argues that his subsequent deportation upon completion of his sentence precludes any threat to the public from further criminal activity. Again, had counsel made such an argument before this Court, it would have been deemed frivolous, in view of the fact that Petitioner's last deportation was followed by illegal reentry. Reasonable counsel would steer clear from raising a frivolous argument, and cannot be said to have been ineffective for having done so.

Petitioner has not shown that his counsel fell short with regard to arguing the § 3553(a) factors. Because a court "must indulge in a strong presumption that counsel's conduct falls within a wide range or reasonable professional assistance," a defendant "must overcome the presumption that the challenged action might be considered sound trial strategy." Berrymen v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996)(quoting Strickland v. Morton, 466 U.S. at 689).

Petitioner fails to provide sufficient arguments and any evidence to overcome this high legal threshold.

The Supreme Court has been clear that the burden on a convicted defendant challenging his conviction based on ineffective assistance of counsel is a heavy one. Strickland, 466 U.S. at 689-90. Petitioner's § 2255 motion falls far short of that burden. His allegations of deficient legal representation by his attorneys are at best unsupported and in fact often contradicted by a record of adequate and competent advocacy on his behalf.

Accordingly, the Court rejects Petitioner's claim that his conviction cannot stand on grounds that his Sixth Amendment right to effective assistance of counsel was violated. Though pro se habeas petitions must be construed liberally, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.1985), cert. denied, 490 U.S. 1025 (1989).

### III.  Certificate of Appealability

This Court must determine whether a certificate of appealability should issue. 3d Cir. L.A.R. 22.2 (2007). The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When claims are rejected on the merits, for a certificate to issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, where a district court rejects claims on procedural grounds, a petitioner must show "that jurists of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court finds, based on its review of Petitioner's § 2255 motion papers, that Petitioner has failed to make a substantial showing that his Sixth Amendment right to counsel has been denied and, further, has not shown that jurists of reason would find this conclusion debatable. Therefore, this Court declines to issue a certificate of appealability pursuant to § 2253(c)(2).

## IV.     Conclusion

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255.  A certificate of appealability will not issue.  An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
Stanley R. Chesler, U.S.D.J.

DATED: July 28, 2009